LI & TSUKAZAKI,
Attorneys at Law, LLLC

MATT A. TSUKAZAKI        4968-0
733 Bishop Street, Suite 1770
Honolulu, HI  96813
Telephone:  (808) 524-4888
Facsimile:  (808) 524-4887

Attorney for Defendant
CROCS, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| FLORA KIM, individually and as Guardian Ad Litem for W.K.; and DAVID KANG, <br><br>      Plaintiff, <br><br>  v. <br><br>CROCS, INC.; HILTON HOTELS CORPORATION; HILTON HAWAIIAN VILLAGE LLC; DOES ENTITIES 1-10; AND JOHN and/or JANE DOES 1-10, <br><br>      Defendants. | CIVIL NO. _____ <br> (Other Civil Action) <br><br> NOTICE OF REMOVAL BY DEFENDANT CROCS, INC.; EXHIBITS "A" – "B"; CERTIFICATE OF SERVICE |

## NOTICE OF REMOVAL BY DEFENDANT CROCS, INC.

COMES NOW Defendant Crocs, Inc. ("Crocs") pursuant to 28 U.S.C. § 1446, 28 U.S.C. § 1441, and 28 U.S.C. § 1332, appearing solely for purposes of filing this notice, reserving all rights, defenses, exceptions and claims and without

waiver thereof, hereby gives Notice of Removal and removes to this Court the state-court action described in paragraph 1 below and respectfully states as follows:

## THE COMPLAINT

1.     The removed case is a civil action filed on June 30, 2016 now pending in the Circuit Court of the First Circuit, State of Hawai'i, with the parties named and aligned as stated in the caption of this document. The action is designated as Civil Suit No. 16-1-1250-06 KTN on the state court's docket.

2.     Defendant Crocs was served a copy of the original Summons and Complaint by personal service on its registered agent on July 18, 2016.  This was Crocs' first notice of the suit from any source.

3.     Therefore, this Notice is being filed in this Court within thirty (30) days of receipt of the Complaint by Crocs in accordance with 28 U.S.C. § 1446(b). *See Watanabe v. Lankford,* 684 F. Supp. 2d 1210, 1215 (D. Haw. 2010) (the deadline for removal is measured from the defendant's formal receipt of the complaint).

4.     This civil action falls under this Court's original jurisdiction under 28 U.S.C. §1332 (diversity of citizenship) and is one that may be removed to this Court by Crocs in accordance with the provisions of 28 U.S.C. § 1441 *et seq.* in that (1) it is a civil action where the amount in controversy exceeds $75,000,

exclusive of interest and costs, and (2) all Defendants are of completely diverse citizenship to the Plaintiffs.

5.      Pursuant to 28 U.S.C. § 1446, attached hereto as **Exhibit A** are copies of all process, pleadings, and orders served upon or otherwise received by Crocs in this action.

## DIVERSITY JURISDICTION

6.      Federal district courts have original jurisdiction of civil actions when there is diversity between the Plaintiffs and Defendants, and where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

**A.      Diversity of Citizenship**

7.      A case falls within the federal district court's original diversity jurisdiction if diversity of citizenship among the parties is complete.  *Watanabe,* 684 F. Supp. 2d 1210 at 1214; 28 U.S.C. § 1332(a)(1).

8.      As alleged in the Complaint, Plaintiffs Flora Kim, David Kang, and their minor child "W.K." are citizens and residents of the State of Texas.  *See*, **Exhibit A**, Complaint ¶¶ 1-2.

9.      As alleged in the Complaint, Crocs is now, was at the commencement of this suit, and at all relevant times, a Delaware corporation with its principal place of business in Colorado.  Crocs is therefore deemed a citizen of Delaware

and Colorado for purposes of 28 U.S.C. § 1332(c)(1).  *See*, **Exhibit A**, Complaint ¶ 3.

10.   As alleged in the Complaint and stated in the attached Declaration, Defendant Hilton Hotels Corporation is now, was at the commencement of this suit, and at all relevant times, a Delaware corporation with its principal place of business in Virginia.  Defendant Hilton Hotels Corporation is therefore deemed a citizen of Delaware and Virginia for purposes of 28 U.S.C. § 1332(c)(1).  *See*, **Exhibit A**, Complaint ¶ 4; **Exhibit B**, Declaration of Owen Wilcox ¶ 3.

11.   As alleged in the Complaint and stated in the attached Declaration, Defendant Hilton Hawaiian Village LLC is a limited liability company.  *See*, **Exhibit A**, Complaint ¶ 5; **Exhibit B**, Declaration of Owen Wilcox ¶ 4.  For the purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

12.   Defendant Hilton Hawaiian Village LLC's sole member is Hilton Worldwide, Inc., which is a Delaware corporation with its principal place of business in Virginia.  Therefore, Defendant Hilton Hawaiian Village LLC is a citizen of Delaware and Virginia.  *See,* **Exhibit B**, Declaration of Owen Wilcox ¶ 4.

13.     There is complete diversity of citizenship between Plaintiffs and all Defendants in this case.[1]

14.     Counsel for Crocs has also conferred regarding this Notice of Removal with counsel for Hilton Hotels Corporation and Hilton Hawaiian Village LLC (the only other specifically named defendants to this action)[2] and is authorized to state they consent to this removal.  *Watanabe,* 684 F. Supp. 2d 1210 at 1219 ("the judicially created 'rule of unanimity' generally requires that all defendants to an action consent to removal.").

## B.     Amount in Controversy

15.     A complaint need not expressly state the amount in controversy is more than $75,000 if it is "facially apparent" from Plaintiffs' original complaint that the claimed damages exceed $75,000.  *Engle v. Liberty Mut. Fire Ins. Co.*, 402 F. Supp. 2d 1157, 1160 (D. Haw. 2005) (finding that "[a]lthough the Complaint did not state a specific damage amount, it clearly prayed for compensatory and

---

[1]     Counsel for Defendants Hilton Hotels Corporation and Hilton Hawaiian Village LLC has conferred with Plaintiffs' counsel and has requested that a First Amended Complaint be filed naming Hilton Management LLC as a Defendant and omitting Hilton Hotels Corporation.  As stated in the attached Declaration, Hilton Management LLC is a Delaware limited liability company.  Its sole member is Hilton Worldwide, Inc., a Delaware corporation with its principal place of business in Virginia.  *See*, **Exhibit B**, Declaration of Owen Wilcox at ¶¶5-6.  Accordingly, the requested substitution of Defendants will not affect diversity.

[2]     The John and Jane Doe Defendants do not affect this Court's diversity analysis.  *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1220, fn. 4 (D. Haw. 2010)(holding that "'nominal, unknown or fraudulently joined' defendants need

punitive or treble damages, as well as attorney's fees.").

16.     Plaintiffs' Complaint asserts Crocs and others are liable for the minor Plaintiff's "foot [becoming] entangled and sucked into … [an] escalator" [**Ex. A**, Complaint ¶ 10] resulting in complete de-gloving injury to his left foot, broken and fractured bones [*Id.* ¶ 17] and multiple surgical repairs [*Id.* ¶¶ 18, 20, 21]. Plaintiffs allege the minor child now suffers from "permanent and painful physical injuries" [*Id.* ¶ 23] and that all of the Plaintiffs "suffered enormous emotional distress" [*Id.* ¶ 24] and will all "continue to suffer the loss of earnings and income [*Id.* ¶ 25]. Plaintiffs also seek punitive damages and attorney's fees [*Id.* WHEREFORE clause, ¶¶ 1, 2].

17.     When one considers the value of the claims of the Plaintiffs, based on their claimed future medical and earnings damages to the minor Plaintiff *plus* the emotional suffering and lost wages for all three Plaintiffs, the value of the attorney's fees sought by the Plaintiffs, and the punitive relief sought by Plaintiffs, it is respectfully submitted that the "value of the object of the litigation" in this case easily exceeds $75,000.

18.     Therefore, under the authority of 28 U.S.C. §§ 1446(b)(3), 1446(c)(3)(A) the amount in controversy exceeds the jurisdictional sum of $75,000, exclusive of interests and costs.

---

not consent.")

## **PROCEDURAL NOTICE**

19.     Promptly after filing this Notice of Removal with this Court, Crocs will give written notice of the removal to all adverse parties, and will file a copy of its Notice of Removal with the Circuit Court of the First Court, State of Hawai'i. *See* 28 U.S.C. § 1446(d).

20.     Crocs reserves the right to amend or supplement this Notice of Removal.

WHEREFORE Defendant Crocs, Inc. prays that the above action now pending in the Circuit Court of the First Court, State of Hawai'i be removed to this Court.

DATED:  Honolulu, Hawai'i, August 16, 2016.

LI & TSUKAZAKI,
Attorneys at Law, LLLC

*/S/ Matt A. Tsukazaki*
MATT A. TSUKAZAKI
Attorney for Defendant
CROCS, INC.