IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FLORA KIM, individually and as Guardian Ad Litem for W.K.; and DAVID KANG,<br><br>          Plaintiffs,<br><br>     vs.<br><br>CROCS, INC.; HILTON MANAGEMENT LLC; HILTON HAWAIIAN VILLAGE, LLC; DOE ENTITIES 1-1 O; and JOHN and/or JANE DOES 1-10,<br><br>          Defendants.<br><br>───────────<br><br>HILTON MANAGEMENT LLC; HILTON HAWAIIAN VILLAGE LLC,<br><br>          Third-Party Plaintiffs,<br><br>     vs.<br><br>OTIS ELEVATOR COMPANY,<br><br>          Third-Party Defendant. | CIVIL NO. 16-00460 JMS KJM<br><br>FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS HILTON MANAGEMENT LLC AND HILTON HAWAIIAN VILLAGE LLC'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT |

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS HILTON MANAGEMENT LLC AND HILTON HAWAIIAN VILLAGE LLC'S
PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT

Defendants Hilton Management LLC and Hilton Hawaiian Village LLC (together "Hilton") filed a Petition for Determination of Good Faith Settlement on June 7, 2018 ("Petition").  ECF No. 269.  The Petition seeks an order finding that the proposed Joint Tortfeasor Release and Indemnification Agreement ("Settlement Agreement") entered into by Hilton and Plaintiffs Flora Kim, individually and as Guardian Ad Litem for W.K., and David Kang ("Plaintiffs") was made in good faith pursuant to Hawaii Revised Statutes Section 663-15.5.  *See* ECF No. 269-1 at 5.  Hilton also requests that the Court discharge Hilton from all liability for any contribution to any other joint tortfeasor or co-obligor.  *Id.* at 9-10.  Hilton filed an unredacted copy of the Settlement Agreement under seal, and provided copies to all parties.  ECF No. 269-2 at ¶ 6; ECF No. 281.

Defendant, Third-Party Defendant Otis Elevator Company filed a Statement of No Opposition to the Petition on June 14, 2018.  *See* ECF No. 279.  Defendant Crocs, Inc. filed a Statement of No Opposition to the Petition on June 15, 2018.  *See* ECF No. 280.  Plaintiffs filed a Memorandum in Support of the Petition on June 19, 2018.  *See* ECF No. 291.

The Court elected to decide the Petition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii.  After carefully considering the submissions of the parties and

the relevant legal authority, the Court FINDS and RECOMMENDS that the district Court GRANT the Petition for the reasons set forth below.

## BACKGROUND

This action arises from an incident that occurred on September 10, 2014, on an escalator at Hilton Hawaiian Village Beach Resort & Spa, which is owned and managed by Hilton.  Hilton and Plaintiffs reached a confidential settlement on June 3, 2018.  In the present Petition, Hilton seeks a determination of good faith settlement pursuant to Hawaii Revised Statutes section 663-15.5.

## DISCUSSION

A finding of good faith settlement (1) discharges the settling party from liability for contribution to other joint tortfeasors, (2) reduces a plaintiff's claims against joint tortfeasors by the amount stipulated to in the release or in the amount of the consideration paid for it, whichever is greater, (3) bars other joint tortfeasors from further claims against the settling joint tortfeasor, except where there is a written indemnity agreement, and (4) results in dismissal of all crossclaims against the settling joint tortfeasor, except where there is a written indemnity agreement. Haw. Rev. Stat. § 663–15.5(a) and (d).  In determining whether parties have entered into a good faith settlement, the court must consider the "totality of the circumstances" including:

> (1) the type of case and difficulty of proof at trial . . .;
> (2) the realistic approximation of total damages that the plaintiff seeks;
> (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial;
> (4) the predicted expense of litigation;
> (5) the relative degree of fault of the settling tortfeasors;
> (6) the amount of consideration paid to settle the claims;
> (7) the insurance policy limits and solvency of the joint tortfeasors;
> (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and
> (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

*Troyer v. Adams*, 102 Haw. 399, 427, 77 P.3d 83, 111 (Haw. 2003).

An agreement to settle a claim is made in good faith when the totality of circumstances reflects that the settlement was not collusive or aimed at injuring the interests of the non-settling parties. *Id*. Section 663-15.5 does not require the settling parties to explain the rationale for the amount of the settlement payment. *Whirlpool Corp. v. CIT Grp./Bus. Credit, Inc.*, 293 F. Supp. 2d 1144, 1154 (D. Haw. 2003). The non-settling defendant has the burden of proof that the settlement agreement was not reached in good faith. Haw. Rev. Stat. § 663-15.5(b).

The Court has reviewed the factors set forth in *Troyer v. Adams* and the material terms of the settlement, and finds that the essential terms of the settlement meet the purpose of section 663-15.5 and are reasonable and in good faith. Given the totality of the circumstances and the absence of opposition, the Court finds that the parties entered into the Settlement Agreement in good faith.

CONCLUSION

After careful consideration of the Petition, the lack of opposition thereto, and the totality of the circumstances, the Court FINDS that Hilton and Plaintiffs entered into the Settlement Agreement in good faith under Hawaii Revised Statutes Section 663-15.5.  The Court RECOMMENDS that the district court GRANT Defendants Hilton Management LLC and Hilton Hawaiian Village LLC's Petition for Determination of Good Faith Settlement.  The Court further RECOMMENDS that the district court dismiss with prejudice any and all claims that have been asserted against Hilton, including those by Plaintiffs (Second Amended Complaint for Damages, ECF No. 45), Crocs (Cross-Claim against Hilton, ECF No. 54) and Otis (Cross-Claim against Hilton, ECF No. 49-2), and that all joint tortfeasors and co-obligors be barred from asserting any future claims against Hilton.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawai'i, June 28, 2018.



/S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

Civil No. 16-00460 JMS-KJM; *Kim, et al. vs. Crocs, Inc*.; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS HILTON MANAGEMENT LLC AND HILTON HAWAIIAN VILLAGE LLC'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT