IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FLORA KIM, DAVID KANG, | ) | CIVIL NO. 16-00460 JAO-KJM |
| | ) | |
| Plaintiffs, | ) | ORDER DENYING DEFENDANT |
| vs. | ) | CROCS INC.'S MOTION TO STRIKE |
| | ) | SUPPLEMENTAL OPINIONS OF |
| CROCS, INC., ET AL. | ) | MILLER ENGINEERING INC.[1] |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

ORDER DENYING DEFENDANT CROCS INC.'S MOTION TO STRIKE
SUPPLEMENTAL OPINIONS OF MILLER ENGINEERING INC.

INTRODUCTION

Defendant Crocs, Inc. ("Defendant") moves to strike all new opinions contained in Miller Engineering, Inc.'s ("MEI") May 18, 2018 rebuttal report because the opinions and supporting data should have been included in the original report, the new opinions directly contradict MEI's deposition testimony, and

---

[1] Defendant misspelled "Strike" in the title of the Motion. Plaintiffs then improperly identified the title of the Motion in their Opposition: "Plaintiffs' Memorandum in Opposition to Defendant Crocs Inc.'s Motion to Strike Portions of Miller Engineering Inc.'s Expert Report filed on June 20, 2018 [Dkt. 296]." Defendant then improperly referenced the Motion in their Reply: "Reply in Support of Defendant Crocs Inc.'s Motion to Strike Plaintiffs' Expert Miller Engineering Supplemental Opinions." Plaintiffs also misspelled the word "exclude" in the title of their motion to strike filed on October 15, 2018. Doc. No. 360. The parties should proofread their documents and take greater care to properly and consistently reference motions.

Defendant is prejudiced by the late disclosure. The Court DENIES the Motion for the reasons articulated below.

BACKGROUND

The Second Amended Scheduling Order established the following deadlines with respect to Plaintiffs Flora and David Kang's (collectively "Plaintiffs") expert disclosures:

- January 31, 2018 for Plaintiffs' damages experts
- March 2, 2018 for Plaintiffs' liability experts
- April 30, 2018 for Plaintiffs' damages rebuttal experts
- May 15, 2018 for Plaintiffs' liability rebuttal experts

Doc. No. 189. On March 2, 2018, Plaintiffs produced MEI's expert report. In pertinent part, the report contained data for material composition testing completed by Fire and Material Research Lab ("FMRL"). Doc. No. 283-2 at 17-20. The testing did not include Crocs Kids Classic Clog or Crocs Fun Lab Justice League Lights Clog. *Id.* at 18-19.

On April 23 and 25, 2018, Defendant deposed MEI witnesses Bradley Cook and Dr. James Miller. At his deposition, Mr. Cook testified that the Kids Classic Clog and Justice League Clog had not been tested. Mot., Ex. A at 116:4-118:9.

On May 18, 2018, Plaintiffs produced MEI's rebuttal report.[2] Doc. No. 283-3. In it, MEI stated that FMRL performed testing on the Crocs Clog. *Id.* at 4. MEI explained that "[a]fter the deposition of Mr. Cook and during the preparation of this Rebuttal report, it was discovered that while the opinions related to the FMIR results were included in the initial report, the backup data was inadvertently not previously produced." *Id.*

On June 20, 2018, Defendant filed the instant Motion to Strike Supplemental Opinions of Miller Engineering Inc. Doc. No. 296.

On August 13, 2018, the Court issued a Third Amended Rule 16 Scheduling Order, which, in pertinent part, continued the trial to June 18, 2019 and the discovery deadline to April 19, 2019. Doc. No. 327.

Following reassignment of this case from Chief Judge J. Michael Seabright to the undersigned on September 5, 2018, a Fourth Amended Rule 16 Scheduling Order issued. Doc. No. 334. It advanced the trial date to June 17, 2019. *Id.*

On September 20, 2018, a Fifth Amended Rule 16 Scheduling Order issued, reopening and establishing January 16, 2019 as the dispositive motions deadline. Doc. No. 347.

---

[2] On June 1, 2018, Defendant filed a Motion to Modify Scheduling Order Without Hearing, wherein it represented that the parties informally agreed to extend Plaintiffs' deadline to disclose its liability rebuttal expert reports until May 18, 2018. Doc. No. 263 at 3.

DISCUSSION

As an initial matter, the Court notes that the parties have not attached documents that are essential to the determination of this and other motions. Instead, they merely reference said documents, which were attached as exhibits to prior filings. Reference to prior filings, whether to exhibits or incorporation by reference of legal arguments, is improper and will not be accepted in the future. The parties are expected to attach, as exhibits, all documents that are referenced in their submissions that they wish to have considered in connection with their motions. The same is true of legal arguments.

Defendant requests an order: 1) striking all new and different opinions/data on pages 3-4 of MEI's rebuttal report; 2) striking Exhibit A to the rebuttal report, including revised charts and new graphs; and 3) excluding any and all reference to the new and different supplemental data and opinions.[3] Defendant finds these opinions and data to be highly suspicious given Mr. Cook's prior contradictory deposition testimony and argues that they caused substantial prejudice to Defendant at this late stage in the litigation. The Court is unpersuaded.

---

[3] In the Reply, Defendant expands the request for relief to exclusion of any testimony regarding the supplemental data and opinions regarding material characterization tests.

A. <u>Rebuttal Expert Reports</u>

Parties are required to "disclose to the other parties the identity of any witness it may use at trial," Fed. R. Civ. P. 26(a)(2)(A), and must do so "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Rebuttal reports should "solely . . . contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii); *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 635 (D. Haw. 2008).

In the present case, the Court finds that MEI's timely-produced rebuttal report comports with Federal Rule of Civil Procedure ("FRCP") 26(a)(2)(D)(ii). Dr. Anthony Hayter, Defendant's rebuttal expert, identified a number of deficiencies with MEI's report, including data and conclusions, representative sampling, and failure to complete real world testing. MEI's rebuttal report responds to Dr. Hayter's criticism of its original report and concerns the same subject matter. Accordingly, the Court finds that the rebuttal report is a proper rebuttal report and declines to strike it, or any portion thereof.

B. <u>Supplementation of Expert Reports</u>

To the extent the challenged opinions in the rebuttal report and corresponding attachments are more properly characterized as supplementation, the Motion is likewise denied. Supplementation of expert reports is governed by Federal Rule of Civil Procedure ("FRCP") 26(e)(2), which provides:

5

> (1) In General. A party who has made a disclosure under Rule 26(a)--
> or who has responded to an interrogatory, request for production, or
> request for admission--must supplement or correct its disclosure or
> response:
>
> (A) **in a timely manner if the party learns that in some material
> respect the disclosure or response is incomplete or incorrect, and
> if the additional or corrective information has not otherwise been
> made known to the other parties during the discovery process or
> in writing**; or
>
> (B) as ordered by the court.
>
> (2) Expert Witness. For an expert whose report must be disclosed
> under Rule 26(a)(2)(B), the party's duty to supplement extends both
> to information included in the report and to information given during
> the expert's deposition. Any additions or changes to this information
> must be disclosed by the time the party's pretrial disclosures under
> Rule 26(a)(3) are due.

Fed. R. Civ. P. 26(e) (emphasis added). Although parties are required to supplement or correct disclosures pursuant to FRCP 26(e), they may not "sandbag one's opponent with claims and issues which should have been included in the expert witness' report." *Lindner*, 249 F.R.D. at 639 (citation and quotations omitted). "[C]ourts have rejected supplemental expert reports that: 1) 'were significantly different' from the expert's original report and effectively altered the expert's theories; or 2) attempted to 'deepen' and 'strengthen' the expert's prior reports." *Id.* (citation omitted).

Parties that fail "to provide information or identify a witness as required by Rule 26(a) or (e) . . . [are] not allowed to use that information or

witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). FRCP 37(c)(1) is a self-executing, automatic sanction, ameliorated only by the foregoing exceptions: substantial justification or harmlessness. *Yeti*, 259 F.3d at 1106.

Supplementation of expert reports, unlike rebuttal reports, involves the parties' ongoing duty to disclose information, and FRCP 26(e) controls. Due to the nature of supplementation, scheduling orders do not include supplementation deadlines, even though the discovery and other deadlines often drive the timing of and/or need for supplementation. Although Defendant challenges the veracity of the supplemental opinions given their purported contradiction with the MEI report and Mr. Cook's deposition testimony, FRCP 26(e)(1) requires parties to supplement or correct disclosures if they learn that the disclosure is incomplete or incorrect in some material respect. This is precisely what MEI has done in the rebuttal report. Upon discovering that it omitted raw data regarding the Fourier-transform Infrared Spectroscopy and Scanning Electron Microscope tests for the Crocs Classic Clog from Appendix E of the initial report, MEI corrected the error in the rebuttal report and provided the inadvertently omitted underlying test data. Insofar as Plaintiffs have not violated FRCP 26(e), FRCP 37(c)(1) is inapplicable.

If the Court were to apply FRCP 37(c)(1), it would find that the supplementation was harmless. Defendant insists that MEI's inclusion of new opinions in the rebuttal report was highly prejudicial at this late stage in the litigation. However, since the production of the rebuttal report, trial has been continued until June 17, 2019, and the dispositive motions and discovery deadlines extended until January 16, 2019 and April 19, 2019, respectively. Defendant cannot reasonably contend that it lacks sufficient time to address the additional information provided in the May 18, 2018 rebuttal report, nor that the supplementation prejudiced them to the extent claimed. The fact that Defendant did not question Mr. Cook about the omitted raw data at his August 28, 2018 deposition undercuts any argument that the new information in the rebuttal report materially changed MEI's opinions and/or harmed Defendant. At the hearing, defense counsel conceded that Defendant can no longer allege prejudice and that it did not query Mr. Cook about omitted data at his subsequent deposition. For these reasons, the Court DENIES Defendant's Motion.

Defendant additionally requests attorneys' fees and costs incurred in connection with the Motion. Fed. R. Civ. P. 37(c)(1)(A). In light of the denial of this Motion, Defendant is not entitled to an award of fees and costs.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY DENIES Defendant's Motion to Strike Supplemental Opinions of Miller Engineering Inc. Doc. No. 296.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, November 27, 2018.

Jill A. Otake
United States District Judge

CIVIL NO. 16-00460 JAO-KJM; *Kim, et al. v. Crocs, Inc., et al.*; ORDER DENYING DEFENDANT CROCS INC.'S MOTION TO STRIKE SUPPLEMENTAL OPINIONS OF MILLER ENGINEERING INC.