REESE MARKETOS, LLP
PETE D. MARKETOS, ESQ.
LESLIE CHAGGARIS, ESQ.
SEAN F. GALLAGHERS, ESQ.
750 N. Saint Paul Street, Suite 600
Dallas, Texas 75201-3201
Telephone:  (214) 382-9810
Facsimile:   (214) 501-0731

THE PERRIN LAW FIRM
JERRY MARK PERRIN, ESQ.
1910 Pacific Avenue, Suite 6050
Dallas, Texas 75201
Telephone:  (214) 646-2004
Facsimile:   (214) 646-6117

ERIC A. SEITZ, AAL, ALC
ERIC A. SEITZ            1412
DELLA A. BELATTI         7945
820 Mililani Street, Suite 714
Honolulu, Hawaii 96813
Telephone:  (808) 533-7434
Facsimile:   (808) 545-3608

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FLORA KIM, individually and as Guardian ad Litem for W.K.; and DAVID KANG,<br><br>　　　　　　Plaintiffs,<br>vs.<br><br>CROCS, INC.; HILTON MANAGEMENT LLC; HILTON HAWAIIAN VILLAGE, LLC; DOE ENTITIES 1-10; JOHN and/or JANE DOES 1-10; and OTIS ELEVATOR COMPANY,<br>　　　　　　Defendants. | CIVIL NO. 1:16-cv-00460 KJM<br>(Other Civil Action)<br><br>**ORDER APPROVING SETTLEMENT**<br><br><br>Trial Date: Vacated |

## ORDER APPROVING SETTLEMENT

On this day, came on to be heard the above-entitled and numbered cause and came Plaintiffs Flora Kim, individually and as Guardian ad Litem for W.K. and David Kang, by and through their attorneys of record; Defendant Crocs, Inc., by and through its attorney of record; and Defendant Otis Elevator Company, by its attorney of record; and announced to the Court that a compromise had been reached, subject to the approval of the Court. Pursuant to the terms of the Global General Release and Settlement Agreement ("Global Agreement"), Defendants have agreed to pay, or have paid on their behalf, a confidential sum as set forth in the Global Agreement that has been reviewed by and considered by the Court. Each party bears its own taxable Court costs and attorneys' fees. The Court having reviewed the Motion for Approval of Settlement and accompanying papers, hereby: (a) APPROVES this settlement as being in the best interest of Plaintiffs' minor son, and (b) AUTHORIZES the distributions of the settlement proceeds as set forth in the Global Agreement.

IT IS FURTHER ORDERED by the Court that W.K., Minor Plaintiff, will receive future periodic payments, as provided by, and in accordance with, the terms and conditions of the Global Agreement. The annuity to provide the periodic payments to W.K., Minor Plaintiff, will be purchased through Metropolitan Tower Life Insurance Company with a "Qualified Assignment" to MetLife Assignment

Company, Inc. and will provide the periodic payments as set out in the Global Agreement.

IT IS FURTHER ORDERED that the rights to receive the future Periodic Payments described herein cannot be accelerated, deferred, increased or decreased by Plaintiffs or any payee; nor shall Plaintiffs or any payee have the power to sell, mortgage, pledge, encumber or anticipate the periodic payments or any part thereof, by assignment or otherwise. The rights to receive periodic payments granted to the minor Plaintiff may not be sold, transferred, hypothecated, pledged, or otherwise alienated in any manner, directly or indirectly, without the prior approval of the then-sitting Judge of this Court, as evidenced by an Order approving such transaction entered after compliance with all requirements of the Structured Settlement Protection Act, 26 U.S.C. § 5891, as it now exists or may hereafter be amended, or any successor to such statute. Further, prior to any sale, transfer, hypothecation, pledge or other alienation, the then-sitting Judge of this Court, must be presented with three (3) quotes from three (3) totally independent companies. A quote is defined as the amount of money that the purchaser is willing to pay the annuitant/payee for the right of the purchaser to receive the specified future periodic payments. Any purported or attempted sale, transfer, hypothecation, pledge, or other alienation of such payments rights that has not been so approved will be a direct violation of this Order.

It is further ORDERED by the Court that the amount set forth in the Global Agreement as being distributed for investment into a 529 college savings plan for W.K. (hereinafter "Custodial 529 Account") shall be invested in such account. The Court appoints Flora Kim as the custodian on the account. In the event of death or disability of Flora Kim or if for some other reason Flora Kim becomes unable to serve as the custodian of the account, the Court appoints David Kang as the successor custodian. In the event Flora Kim becomes unable to serve as the custodian of the account and David Kang becomes the custodian of the account, the then-sitting Judge of this Court shall appoint another successor custodian.

It is further ORDERED that, until such time as W.K. reaches the age of eighteen (18), there shall be no distributions of any of the funds contained in the Custodial 529 Account by Flora Kim, David Kang, W.K., or the custodian; the right to receive any distribution of any of the funds contained in the Custodial 529 Account cannot be accelerated by Flora Kim, David Kang, W.K., or the custodian; and Flora Kim, David Kang, W.K., or the custodian shall not have the power to sell, mortgage, pledge, or encumber the funds contained in the Custodial 529 Account, or any part thereof, by assignment or otherwise. At the time that W.K. reaches the age of eighteen (18), the Custodial 529 Account will be subject only to the control of W.K. Before W.K. reaches the age of eighteen (18), W.K.'s right to the funds contained in the Custodial 529 Account may not be sold, transferred,

hypothecated, pledged, or otherwise alienated in any manner, directly or indirectly, without the prior approval of the then-sitting Judge of this Court. Any purported or attempted sale, transfer, hypothecation, pledge, or other alienation of such rights to the funds contained in the Custodial 529 Account that has not been so approved will be a direct violation of this Order. If any distribution of funds in the Custodial 529 Account is desired before the time W.K. reaches the age of eighteen (18), whether for expenses other than qualified educational expenses or because the Custodial 529 Account is not performing in a manner conducive to the expected return on investment or is in danger of being lost, any such request must be made to the then-sitting Judge of this Court, and no such distribution may be made without the prior approval of the then-sitting Judge of this Court.

In accordance with the foregoing terms, the Court hereby GRANTS Plaintiffs' Motion for Approval of Settlement (ECF No. 482).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, May 22, 2019.



Kenneth J. Mansfield
United States Magistrate Judge

*Flora Kim, et al v. Crocs, Inc.*, et al; No. 1:16-cv-00460 KJM
**ORDER APPROVING SETTLEMENT**

5